# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

BRION BROWN,

                Plaintiff,

      v.

JAMES MILBURN and
DEPARTMENT OF CORRECTIONS,

                Defendants.

Case No. 3:23-cv-00038-JMK

## SCREENING ORDER

Self-represented prisoner Brion Brown ("Plaintiff") filed a civil rights complaint against the Alaska Department of Corrections ("DOC") and Superintendent James Milburn. Plaintiff alleges he is being subjected to cruel and unusual punishment because Superintendent Milburn made up a rule that prohibits prisoners from moving to a certain unit if they fight.[1] Plaintiff was in a fight and is not allowed back into the Lima Module. For relief, Plaintiff seeks an order requiring Defendant to put him back into the Lima Module.[2] Plaintiff subsequently filed a motion to set this case for trial.[3]

The Court now screens Plaintiff's recent filings in accordance with 28 U.S.C. §§ 1915(e) and 1915A and rules on all pending motions. For the reasons

---

[1] Dockets 1, 5.

[2] Docket 1 at 8.

[3] Docket 7.

explained below, the Complaint is DISMISSED with leave to amend in accordance with the guidance herein.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity, even if the filing fee has been paid.[4] In this screening, a court shall dismiss the case at any time if the court determines that the action:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.[5]

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[6] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[7]

---

[4] 28 U.S.C. §§ 1915, 1915A.

[5] 28 U.S.C. § 1915(e)(2)(B).

[6] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[7] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

Case No. 3:23-cv-00038-JMK, *Brown v. Milburn, et al.*
Screening Order
Page 2 of 13
Case 3:23-cv-00038-JMK   Document 9   Filed 11/07/23   Page 2 of 13

## DISCUSSION

**I.	Requirements to State a Claim**

To determine whether a complaint states a valid claim on which relief may be granted, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[8] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[9] Factual allegations may not be speculative; rather, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10]

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[11] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[12] A complaint is insufficiently plead if it offers "naked assertions devoid of further factual enhancement."[13]

---

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[9] *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[10] *Ashcroft*, 556 U.S. at 678.

[11] Federal Rule of Civil Procedure (FRCP) 8(a)(2).

[12] *Id.*

[13] *Id.* (internal citations and quotations omitted).

Case No. 3:23-cv-00038-JMK, *Brown v. Milburn, et al.*
Screening Order
Page 3 of 13
Case 3:23-cv-00038-JMK   Document 9   Filed 11/07/23   Page 3 of 13

## II. Civil Rights Actions

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[14] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[15] To be deprived of a right, the defendant's action needs to either violate rights guaranteed by the Constitution or an enforceable right created by federal law.[16] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[17] Constitutional rights are those conferred by the U.S. Constitution to individual citizens. Section 1983 can be used as a mechanism for enforcing the rights guaranteed by a particular federal statute only if (1) the statute creates enforceable rights and (2) Congress has not foreclosed the possibility of a Section 1983 remedy for violations of the statute in question.[18] Section 1983 does not provide a mechanism for remedying alleged

---

[14] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[15] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[16] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340–41 (1997).

[17] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[18] *Blessing v. Freestone*, 520 U.S. 329, 340–41 (1997); *Dittman v. California*, 191 F.3d 1020, 1027–28 (9th Cir. 1999).

Case No. 3:23-cv-00038-JMK, *Brown v. Milburn, et al.*
Screening Order
Page 4 of 13
Case 3:23-cv-00038-JMK   Document 9   Filed 11/07/23   Page 4 of 13

violations of state law.[19] However, where a violation of state law is also a violation of a federal constitutional right, Section 1983 may provide a cause of action.[20]

### A. Defendant Must Be a "Person"

A defendant in a civil rights lawsuit must be a "person." The State of Alaska and state agencies, such as DOC, are not considered "persons" under 42 U.S.C. § 1983.[21] The Eleventh Amendment to the U.S. Constitution gives states sovereign immunity, which prohibits lawsuits against a state or the "arms of the state" (the State's governmental branches, divisions, offices, and departments), unless the state or agency agrees to waive its immunity.[22] Therefore, the Clerk will terminate DOC as a defendant and update the caption accordingly.

### B. Cruel and Unusual Punishment

In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive physical force against prisoners.[23] The Amendment also imposes duties on these officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care,

---

[19] *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007).

[20] *Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 370 (9th Cir. 1996).

[21] *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989).

[22] *Alabama v. Pugh,* 348 U.S. 781 (1978); *In re New York*, 256 U.S. 490, 497 (1921); *see also Hans v. Louisiana*, 134 U.S. 1, 15 (1890).

[23] *See Hudson v. McMillian,* 503 U.S. 1 (1992).

Case No. 3:23-cv-00038-JMK, *Brown v. Milburn, et al.*
Screening Order
Page 5 of 13
Case 3:23-cv-00038-JMK   Document 9   Filed 11/07/23   Page 5 of 13

and must "take reasonable measures to guarantee the safety of the inmates."[24] To the extent that prison conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society.[25]

A federal court is to grant deference in state prison policies, protocols, and procedures and should be cautious when asked to intervene in the operation of a state prison.[26] Here, Plaintiff challenges an unwritten rule[27] that prisoners caught fighting are unable to return to the Lima Module. Plaintiff admits he got in a fight and was removed from that unit.[28] Plaintiff has failed to state a cognizable claim for relief. Neither the Eighth nor the Fourteenth Amendment endows prisoners with a right to be housed in a particular part of the prison.[29] To the extent Plaintiff seeks to challenge this denial as a disciplinary decision, as explained below, he has not stated a claim upon which relief can be granted.

---

[24] *Hudson v. Palmer,* 468 U.S. 517, 526–27 (1984).

[25] *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

[26] *See Beard v. Banks*, 548 U.S. 521, 528–30 (2006); *see also Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995).

[27] Plaintiff alleges there is no written policy, rule, or regulation code. Docket 1 at 3.

[28] Docket 1 at 3.

[29] *See Meachum*, 427 U.S. at 224–25 (no liberty interest in placement in particular facility); *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983) (no constitutionally protected right to be housed in the institution of one's choice); *see Moody v. Daggett,* 429 U.S. 78, 88 n.9 (1976) (an inmate does not have a legitimate statutory or constitutional entitlement to his custody classifications score or his security designation level); *Bjorlin v. Hubbard*, 2010 WL 457685, *1 (E.D. Cal. 2010) (same).

Case No. 3:23-cv-00038-JMK, *Brown v. Milburn, et al.*
Screening Order
Page 6 of 13
Case 3:23-cv-00038-JMK   Document 9   Filed 11/07/23   Page 6 of 13

## C. Challenging Disciplinary Actions

Prisoners "retain only a narrow range of protected liberty interests."[30] A prison disciplinary proceeding is not a criminal prosecution, and therefore "the full panoply of rights due to a [criminal] defendant" do not apply to a prisoner facing a disciplinary action.[31] Instead, a disciplinary proceeding must accommodate both "institutional needs and objectives and the provisions of the Constitution that are of general application."[32]

When a prisoner faces disciplinary charges, a prison official must provide the prisoner with (1) a written statement at least twenty-four hours before the disciplinary hearing that includes the charges, a description of the evidence against the prisoner, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate.[33] A violation of a prison's regulation does not violate the Due Process Clause as long as the minimal protections described above have been provided.[34]

---

[30] *Chappell v. Mandeville*, 706 F.3d 1052, 1062–63 (9th Cir. 2013) (quoting *Hewitt v. Helms*, 459 U.S. 460, 467 (1983)).

[31] *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974).

[32] *Id.*

[33] *See Wolff*, 418 U.S. at 563–70 (1974); *see also Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985); *Serrano v. Francis*, 345 F.3d 1071, 1077–78 (9th Cir. 2003).

[34] *Walker v. Sumner*, 14 F.3d 1415, 1419–20 (9th Cir. 1994).

Case No. 3:23-cv-00038-JMK, *Brown v. Milburn, et al.*
Screening Order
Page 7 of 13
Case 3:23-cv-00038-JMK   Document 9   Filed 11/07/23   Page 7 of 13

If prison officials limit a prisoner's "efforts to defend himself, they must have a legitimate penological reason."[35] For instance, prison officials may limit witnesses called by a prisoner, but they must make individual determinations and explain their reasons for those limitations.[36] Additionally, prisoners do not have a right to counsel in disciplinary hearings.[37] But if the prisoner is illiterate, the issues are complex, or the prisoner is unable to gather evidence, then some legal assistance must be provided.[38]

To the extent that Plaintiff seeks to challenge a disciplinary action, he has not provided sufficient facts to state a claim upon which relief could be granted. Furthermore, the Court questions the viability of its jurisdiction over these allegations. Alaska Department of Corrections Policy and Procedure 809.04(III)(H) governs the process after a prisoner appeals a disciplinary decision, which states, "The Superintendent's decision, other than for major infractions, is final and the prisoner has 30 days in which to appeal the decision to the Superior Court." Accordingly, Plaintiff's proper process to explore his allegations is not with the U.S. District Court for the District of Alaska, but rather with the Alaska Superior Court.

---

[35] *Koenig v. Vannelli*, 971 F.2d 422, 423 (9th Cir. 1992) (per curium).

[36] See *Serrano*, 345 F.3d at 1079-80; see also *Ponte v. Real* 471 U.S. 491, 495–97 (1985).

[37] *Clardy v. Levi*, 545 F.2d 1241, 1246–47 (9th Cir. 1976).

[38] *Vitek v. Jones*, 445 U.S. 480, 495–96 (1980).

Case No. 3:23-cv-00038-JMK, *Brown v. Milburn, et al.*
Screening Order
Page 8 of 13
Case 3:23-cv-00038-JMK   Document 9   Filed 11/07/23   Page 8 of 13

**CONCLUSION**

Although amendment is likely futile, in the interests of fundamental fairness, Plaintiff is accorded 30 days to amend his Complaint. An amended complaint replaces the prior complaint in its entirety.[39] Any claims not included in the amended complaint will be considered waived. However, an amended complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[40] An amended complaint need not contain legal research or analysis, but it must contain sufficient facts that state a plausible claim for relief. A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. An amended complaint should not contain a narrative and it should not contain or have attached to it medical records or other documentation. In federal cases, evidence is provided to the Court either through dispositive motions or at trial in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Evidence.[41]

Although he has been given the opportunity to amend, Plaintiff may not unjustifiably expand the scope of the case by alleging new unrelated claims or parties in the amended complaint.[42] Any amended complaint may not include any

---

[39] See Fed. R. Civ. P. 15 and Local Civil Rule 15.1.

[40] Fed. R. Civ. P. 8(a)(2).

[41] *See* Fed. R. Civ. P. 56 (Summary Judgment); *see generally* Fed. R. Civ. P. 38–53; *see also* Fed. R. Evid.

[42] *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Case No. 3:23-cv-00038-JMK, *Brown v. Milburn, et al.*
Screening Order
Page 9 of 13
Case 3:23-cv-00038-JMK   Document 9   Filed 11/07/23   Page 9 of 13

claims or defendants for which he lacks a sufficient legal or factual basis. An amended complaint must set out each claim for relief separately. Each claim should identify (1) the specific injury that a plaintiff is alleging has occurred to him, (2) when that injury occurred, (3) where that injury was caused, and (4) who he is alleging caused that specific injury to him.

## MOTION FOR TRIAL

At Docket 7, Plaintiff filed a "Memorandum to Set Civil Case for Trial" stating all parties have been served with process and demands a 6-hour jury trial. The Court has screened the complaint and found that it does not yet state cognizable claims. Plaintiff's first amended complaint or notice of voluntary dismissal are currently due. If Plaintiff chooses to file a first amended complaint, the Court must screen the first amended complaint to determine whether it is subject to dismissal or whether the action should proceed to discovery on Plaintiff's claims. Should Plaintiff's complaint proceed beyond the screening stage, the Court will order service, and issue an order setting a schedule for discovery and dispositive motions. Therefore, the motion at Docket 7 is DENIED.

**IT IS THEREFORE ORDERED:**

1. The Clerk of Court is directed to terminate the Department of Corrections as a defendant and change the caption of this suit accordingly.

2. The Complaint is **DISMISSED** for failing to state a claim upon which relief could be granted. The Court grants leave to amend in accordance with the guidance provided in this order.

Case No. 3:23-cv-00038-JMK, *Brown v. Milburn, et al.*
Screening Order
Page 10 of 13
Case 3:23-cv-00038-JMK   Document 9   Filed 11/07/23   Page 10 of 13

3. Plaintiff is accorded **30 days** to file **one of the following**:

   a. First Amended Complaint, in which Plaintiff restates his claims to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; **OR**

   b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end this case.

4. If Plaintiff does not file either an Amended Complaint or Notice of Voluntary Dismissal on the Court form **within 30 days,** this case may be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff.[43] This dismissal would count as a "strike" against Plaintiff under § 1915(g).[44] A voluntary dismissal does not count as a "strike" under 28 U.S.C. § 1915(g).

5. Plaintiff's applications to proceed without prepaying the filing fee at **Dockets 2–3 are GRANTED.** Plaintiff is advised federal law only allows prisoners to waive prepayment of the fees associated with civil lawsuits. Prisoners must pay the fee incrementally until paid in full, regardless of the outcome of the action.[45]

---

[43] *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) (holding that a dismissal counts as a strike when the district court dismisses a complaint for a failure to state a claim, grants leave to amend, and the plaintiff fails to amend the complaint).

[44] 28 U.S.C. § 1915(g) prohibits a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."

[45] 28 U.S.C. § 1915(b)(1) & (2).

Case No. 3:23-cv-00038-JMK, *Brown v. Milburn, et al.*
Screening Order
Page 11 of 13
Case 3:23-cv-00038-JMK   Document 9   Filed 11/07/23   Page 11 of 13

Should Plaintiff proceed in suit and sufficiently plead a claim, the Court will issue a separate order on the collection of the filing fee.

6. If Plaintiff is released while this case remains pending and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) pay the unpaid balance of his filing fee or (2) file a Non-Prisoner Application to Waive the Filing Fee (Form PS11).[46] Failure to comply may result in dismissal of this action.

7. The motion at **Docket 7 is DENIED.**

8. Self-Represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders. Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of this action.

9. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[47] The Notice shall not include requests for any other relief.

10. With this order, the Clerk is directed to send: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil

---

[46] The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms.

[47] *See* Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number.").

Case No. 3:23-cv-00038-JMK, *Brown v. Milburn, et al.*
Screening Order
Page 12 of 13
Case 3:23-cv-00038-JMK   Document 9   Filed 11/07/23   Page 12 of 13

Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 7th day of November, 2023, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

Case No. 3:23-cv-00038-JMK, *Brown v. Milburn, et al.*
Screening Order
Page 13 of 13
Case 3:23-cv-00038-JMK   Document 9   Filed 11/07/23   Page 13 of 13